UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-320-RJC

| KEVIN L. JACKSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| ROBERT G. JONES, Admin., | ) |  |
| Pasquotank Corr. Inst., | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on consideration of Respondent's Motion to Dismiss Petitioner's petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be dismissed.

**I. BACKGROUND**

Petitioner is presently confined in the custody of the North Carolina Department of Public Safety following his conviction for taking indecent liberties with a child including the statutory rape of a fourteen year old child. The Superior Court of Mecklenburg County, the Honorable J. Gentry Caudill presiding, sentenced Petitioner to an active term of imprisonment of 335 to 411 months. Petitioner filed a notice of appeal to the North Carolina Court of Appeals, and Petitioner's conviction and sentence were upheld in a unanimous, published opinion. North Carolina v. Jackson, 688 S.E.2d 766 (N.C. Ct. App. 2010). (Doc. No. 4-2). Petitioner's petition for a writ for discretionary review of the decision of the court of appeals was denied by the Supreme Court of North Carolina on April 14, 2010. North Carolina v. Jackson, 364 N.C. 130

1

(N.C. 2010). (Id. at 4-3). Petitioner's case became final on direct review 90-days following the Supreme Court's denial of his petition for discretionary review. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches . . . when the time for filing a certiorari petition expires.") (internal citations omitted).[1] Petitioner's case on direct review therefore became final on July 13, 2010.

Petitioner next filed a state petition for a writ of habeas corpus pursuant to Chapter 17 of the North Carolina General Statutes. On April 6, 2011, the Honorable W. Robert Bell, Superior Court Judge Presiding over the Mecklenburg County Superior Court, denied Petitioner's habeas petition. Judge Bell concluded "that identical issues could have been raised on appeal or resolved against him by the North Carolina Court of Appeals." (Doc. No. 4-4 at 2). On June 1, 2011, the court of appeals denied Petitioner's petitions for mandamus and supersedeas to review the superior court's denial of his habeas petition. Jackson v. W. Robert Bell, No. P11-425 (N.C. Ct. App. June 1, 2011) (unpublished). (Doc. No. 4-6 at 2).

On October 20, 2011, Petitioner filed a motion for appropriate relief with the Mecklenburg County Clerk of Superior Court; this motion was denied by Order entered on November 28, 2011. (Doc. No. 4-7). On February 2, 2012, Petitioner filed a petition for writ of certiorari with the court of appeals which was denied by Order entered February 20, 2012. (Doc. No. 4-10).

Petitioner did not file the present Section 2254 petition until May 7, 2012. In this petition, Petitioner raises several claims for relief. First, Petitioner contends that his right to due process was violated by the trial court's admission of testimony regarding his post-Miranda, post-arrest

---

[1] The Court noted that the "Court of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court." Clay, 537 U.S. at 528 n.3 (internal citations omitted).

2

silence. (Ground One). (Doc. No. 1 at 5). Second, Petitioner asserts that he received ineffective assistance of counsel. (Ground Two). (Id. at 6). Next, Petitioner contends that new evidence, in the form of a North Carolina Court of Appeals opinion, supports his Section 2254 petition for relief. (Ground Three). Specifically, Petitioner contends that the trial court erred in failing to instruct the jury on the defense of "not guilty by reason of unconsciousness", and that the court of appeals supports his claim of error. (Doc. No. 1 at 8). In his final claim for relief, Petitioner argues that his "unconsciousness" during his sexual encounter with the minor victim meant that at the time of the sexual encounter he was "actually innocent" because he did not know the nature and extent of his actions. (Ground Four). (Doc. No. 1 at 10).

Respondent asserts the statute of limitations as a defense and contends that Petitioner's Section 2254 petition should be dismissed because it was filed outside the one-year time frame as provided for in 28 U.S.C. § 2244(d)(1)(A). (Doc. No. 3). Petitioner responded to the Respondent's motion to dismiss and claimed that the motion should be denied because he had been diligently pursuing his rights in state court and that his assertion of actual innocence should excuse the date of his filing. (Doc. No. 5 at 2).

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review; . . . . or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2244(d)(1)(A) & (d)(1)(D).

    A.    <u>Statute of Limitations Defense</u>

Respondent contends that Petitioner's Section 2254 petition should be dismissed because it was filed over seven (7) months after the one-year statute of limitations had expired. § 2244(d)(1)(A). (Doc. No. 4 at 5).

As noted, Petitioner's State judgment became final on July 13, 2010, or 90-days following the North Carolina Supreme Court's denial of his petition for a writ of certiorari to review the decision of the court of appeals. Petitioner's one-year statute of limitation under the AEDPA began to run on July 13, 2010, and this time runs continuously unless and until Petitioner files a proper application for post-conviction relief. <u>See</u> § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

On March 11, 2011, Petitioner filed his state petition for a writ of habeas corpus, an action expressly allowed under North Carolina law as a form of post-conviction relief, and an action that is allowed in addition to a motion for appropriate relief. <u>See</u> N.C. Gen. Stat. § 15A-1411(c). The trial court denied Petitioner's application for habeas relief on April 6, 2011. (Doc. No. 4-4). On May 13, 2011, Petitioner filed petitions for a writ of mandamus and supersedeas seeking to challenge the trial court's disposition of his habeas petition. These petitions were denied by the court of appeals on June 1, 2011. (Doc. No. 4-6). Petitioner's time was tolled at 241-days on March 11, the day he filed his habeas petition. The statute of limitations began to

run again on June 1, 2011, the day the court of appeals dismissed his challenge to the trial court's habeas ruling. As noted, Petitioner did not file his MAR until October 20, 2011. When the statute of limitations resumed on June 1, 2011, 241-days had expired making Petitioner's MAR due 124-days later, or on October 3, 2011. Petitioner's one-year statutory of limitation's period ran on October 3rd, and his Petitioner's Section 2254, filed May 7, 2012, is therefore 7-months out of time and is due to be dismissed under the express provisions of the AEDPA.

Respondent notes that Petitioner's effort to appeal the trial court's denial of his habeas petition did not toll the statute of limitations. This is so because under Section 2244(d)(2) only a properly filed state application for post-conviction relief may serve to toll the one-year limitation. See § 2244(d)(2); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) (finding that an application for state relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.") (internal citations omitted).

As discussed above, on March 11, 2011, or 241-days following the date his direct review became final, Petitioner filed a petition for a writ of habeas corpus under North Carolina law. By Order filed April 6, 2011, the trial court denied his petition. (Doc. No. 4-4).[2] On April 11, 2011, Petitioner filed a notice of appeal in an effort to have the court of appeals review the trial court's denial. (Doc. No. 4-11). The State moved to dismiss the appeal arguing that Petitioner had no right to appeal such an order. (Doc. No. 4-12). The court of appeals agreed and granted the motion for dismissal on July 28, 2011. (Doc. No. 4-13).

---

[2] Although it appears the trial court signed the order denying the habeas petition on March 31, 2011, it does not appear that the order was filed until April 6, 2011. See N.C. Gen. Stat. § 1A-1, Rule 58 (providing that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court.").

Respondent argues that under North Carolina law, no appeal will lie from the denial of a petition for a writ of habeas corpus. Rather, Respondent maintains that under North Carolina law a challenge to a denial of a habeas petition must proceed by way of a petition for a writ of certiorari. (Doc. No. 4 at 6-7). In State v. Chapman, 724 S.E.2d 540 (N.C. App. 2012), the State filed an appeal from the trial court's order dismissing murder charges against the defendant, but did not file a challenge to the trial court's order granting the defendant's petition for a writ of habeas corpus. In a unanimous decision, the court found that "the State must petition for certiorari" in order to have appellate review of the order on the habeas petition. Id. at 542 (citing Surrat v. State, 174 S.E.2d 524, 525 (N.C. 1970) (per curiam opinion affirming the court of appeals' finding that review of a judgment in a habeas proceeding is "reviewable only by way of Certiorari if the court in its discretion chooses to grant such a writ.").

The Court finds that Petitioner's notice of appeal from the denial of his habeas action did not toll the statute of limitations because it was an improper way to challenge the trial court's ruling on his habeas petition.

B.  Equitable Tolling

The Court finds that Petitioner has submitted insufficient grounds to support the extraordinary remedy of equitable tolling to excuse his late filing. The Supreme Court of the United States has found that the one-year statutory limitation period provided for by Section 2244(d) is subject to the doctrine of equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010). In order to benefit from equitable tolling, a petitioner must "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner's first argues that the statute of limitations should not bar the Court's consideration of the merits of Section 2254 petition because he has been "pursuing his rights diligently and to the best of his ability with severely limited legal resources." (Doc. No. 5 at 1). That he has a lack of access to legal resources has been expressly rejected as a suitable ground to support equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (2005) (finding that unfamiliarity with the legal process does not support equitable tolling); see also Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (concluding that prison conditions normally do not provide a basis of equitable tolling).

Petitioner next argues that the Respondent is employing "the one year statute of limitation as a shield to enable themselves an escape valve in which not to address" Petitioner's claims, which he maintains "carry substantial merit." (Doc. No. 5 at 1). The Court finds there is no error in the State seeking to enforce the statute of limitations which is expressly provided by the AEDPA.

Last, Petitioner claims that he is actually innocent of the charges upon which he was convicted based on "new evidence." (Id. at 2). What Petitioner is actually arguing is that the trial court erred in failing to give a particular jury instruction, that is an instruction on his defense of involuntary intoxication to the charge of statutory rape, and that his trial counsel was ineffective in failing to elicit testimony from the minor victim regarding Petitioner's late contention that she drugged him. (Id. at 2-3). The substance of this argument has been raised on collateral review before the State courts and denied. Moreover, the evidence, as noted by the court of appeals, was overwhelming that Petitioner had sexual relations with the minor victim on more than one occasion. In his opposition to Respondent's motion to dismiss, Petitioner does not deny the

multiple occasions of inappropriate sexual contact which was noted by the court of appeals in its decision affirming his convictions and sentence. Instead, he focuses on only one occasion. See Jackson, 688 S.E.2d at 766-69 (noting evidence tended to supporting finding of multiple instances of sexual contact between the minor victim and Petitioner, including evidence that sexual intercourse occurred more than once).

These findings undermine Petitioner's principal argument that the failure to instruct on involuntary intoxication supports reversal of his conviction because the evidence tends to show that he had sex on more than one occasion, yet he only claims that he was under the influence on one occasion. The Court declines to find that the statute of limitations should be equitably tolled in this matter.

## III. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 3).

2. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge